**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Amanullah KHAN, aka Anthony Fernandez, Steven Joseph, Stwen Joseph, Robert Joseph, Gerald Jousuf, Solomon Jousuf, Aman Khan, Aman Ullah Khan, Amanullah J. Khan, Armand Khan George Paul, Joseph Salmon, Jousuf Solomon, Yousuf Solomon Joseph Sulman, Solomon Yousef, Defendant–Appellant.**

**United States of America, Plaintiff–Appellee,**

v.

**Amanullah KHAN, aka Anthony Fernandez, Steven Joseph, Stwen Joseph, Robert Joseph, Gerald Jousuf, Solomon Jousuf, Aman Khan, Aman Ullah Khan, Amanullah J. Khan, Armand Khan George Paul, Joseph Salmon, Jousuf Solomon, Yousuf Solomon Joseph Sulman, Solomon Yousef, Defendant–Appellant.**

**Nos. 05–50968, 06–50020.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted July 14, 2008.

Filed July 28, 2008.

Douglas F. McCormick, Office of the U.S. Attorney, Santa Ana, CA, Michael J. Raphael, Esq., Assistant U.S., Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Alissa Sawano Peterson, Law Offices of Alissa Sawano Peterson, Irvine, CA, for Defendant–Appellant.

* This disposition is not appropriate for publication and is not precedent except as provided

Before: FERNANDEZ, RYMER, and KLEINFELD, Circuit Judges.

## MEMORANDUM *

Amanullah Khan appeals his conviction and 188–month sentence imposed following a guilty plea.

■ We will not reverse Khan's conviction based on Federal Rule of Criminal Procedure 11 errors. The district judge committed two errors under Rule 11, but Khan has not met his burden of showing that but for the errors, he would not have entered the guilty plea. *See United States v. Dominguez Benitez*, 542 U.S. 74, 124 S.Ct. 2333, 159 L.Ed.2d 157 (2004). The district judge failed to advise Khan about the possibility of restitution. This error was harmless, however, because Khan was informed about a potential fine, and the restitution imposed by the district judge was less than the fine. *See United States v. Gamma Tech Industries, Inc.*, 265 F.3d 917, 931 (9th Cir.2001). The district judge also failed to advise Khan at the second plea hearing about its obligation to apply the sentencing guidelines and that it has the discretion to depart from those guidelines. The was an error, but Khan has not shown that but for this error he would not have entered a guilty plea.

The judge did not err in imposing an 18–level increase for a loss of more than $5.7 million. There was sufficient evidence that the transactions actually took place, and it was correct for the judge to apply USSG § 2B1.1 Application Note 3(F)(v)

by 9th Cir. R. 36–3.

and refuse to discount the total loss by the fair market value of the parts sold.

The two-level enhancement under § 2B1.1(12)(A) for an offense involving the conscious or reckless risk of death or serious bodily injury was also not an error. Falsely labeling aluminum parts as steel parts created a risk of death or serious injury. Khan's argument that he had no subjective knowledge of the risk of death or serious bodily injury is foreclosed by *United States v. Johansson,* 249 F.3d 848 (9th Cir.2001).

■ The district judge did not err by awarding only a two-level decrease for acceptance of responsibility rather than a three-level decrease. Khan waited until the fourth day of trial of the case originally filed in the Central District of California before entering into the plea agreement. The sentencing hearing was for both cases, so it was appropriate for the judge to consider Khan's conduct involving both plea agreements.

■ Finally, the district court did not abuse its discretion when it awarded restitution. Under the Mandatory Victim Restitution Act, 18 U.S.C. § 3663A, a judge may grant restitution for losses to persons harmed in the course of Khan's fraud, even beyond the counts of conviction. The district court did not abuse its discretion when it ordered restitution to the 12 victims injured by Khan's fraudulent conduct.

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.